**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br>      **Plaintiff** | |
| **v.** | **Criminal No. 00-087 (PG)** |
| **CARLOS ORTIZ-SANTIAGO**<br>      **Defendant** | |

<u>**MAGISTRATE-JUDGE'S REPORT AND RECOMMENDATION
ON REVOCATION OF SUPERVISED RELEASE**</u>

**A.    Factual and Procedural Background**

Upon being charged and convicted for a violation of Title 18 U.S.C. § 2113 A.F. and § 2, releasee Carlos Ortiz-Santiago (hereafter "Ortiz"), on January 8, 2001, was sentenced by the Hon. Juan M. Pérez-Giménez to serve a sixty (60) month imprisonment term and a 5-year term of supervised release.  A $100 special monetary assessment was also imposed.  He was also ordered to participate in a substance abuse treatment program, if any drug test samples detect substance abuse, to submit to psychiatric and/or psychological evaluation, to provide financial information, to produce evidence to the U.S. Probation Office that income tax returns have been duly filed and to make a restitution in the amount of $2,400.00.  On August 27, 2004, upon being released, Ortiz began to serve his term of supervised release.  On January 27, 2006, the U.S. Probation Office filed "Motion Notifying Violation of Supervision Conditions and Request for the Issuance of a Warrant" (**Docket No. 155**), wherein it was alleged that releasee Ortiz has violated his conditions of supervised release as follows:

1.  Standard Condition No. 2: defendant has failed to submit his monthly supervision report since June 2005, and has failed to report to the U.S. Probation Officer as instructed.

2.  Standard Condition No. 4: defendant has outstanding child support balances of $8,600 and $13,657.76, which are currently in arrears. Arrest warrants were issued by the local courts.

3.  Standard Condition No. 6: defendant moved to a new address and failed to notify the U.S. Probation Officer as required.

4.  Standard Condition No. 7: on April 6, 2005, the defendant tested positive to cocaine and admitted the same. He was placed in the random drug testing program. On April 26 and September 6, 2005, he again tested positive to cocaine and admitted the same. He was referred to treatment.

5.  Statutory Condition: after being placed in the random drug testing program, the offender has failed to appear for drug testing on several occasions.

6.  Defendant has failed to comply with his participation in a substance abuse program as instructed by the U.S. Probation Officer.

7.  Defendant has failed to make any payments towards his restitution as instructed by the U.S. Probation Officer.

The Court ordered the issuance of a warrant of arrest and releasee Ortiz was brought before the Court on March 7, 2006. A Show Cause Hearing was held on March 9, 2006, before the undersigned.

**B.    Show Cause Hearing**

On March 9, 2006, a hearing was held to afford releasee Ortiz the opportunity to show cause as to why the term of supervised release originally imposed on January 8, 2001, should not be revoked.

At the hearing, releasee Ortiz was advised of his constitutional right to remain silent, to present witnesses on his behalf and cross examine those to be presented by the government. While assisted by Assistant Federal Public Defender, Max Pérez-Preston, releasee Ortiz waived these rights and admitted having incurred in the violations alleged and identified as No. 1-5 and violation No. 7. As to violation No. 6 ("the defendant shall participate in a substance abuse program arranged and approved by the probation officer until duly discharged by authorized program personnel with the approval of the U.S. Probation Officer") defendant contends he attended an initial visit with the psychologist but never received a follow-up appointment.

The government moved for revocation of the supervised release, given defendant's failure to report to U.S. Probation Office and the fact he has absconded supervision while having two arrest warrants issued against him at state level, and considering he has reverted to drug use.

It is the opinion of the U.S. Probation Officer Humberto Marchand, that releasee will benefit from receiving treatment at an in-patient drug rehabilitation program. The government endorses the request made by the U.S. Probation Officer.

## C.    Conclusion

In having failed to abide by the conditions of release, releasee Ortiz has violated his conditions of supervised release.  Pursuant to U.S.S.G. § 7B1.1(a)(3), the violations constitute Grade B violations which the probation officer elected to report upon having determined that such violations constituted conduct that clearly violated the conditions of release.  *See* U.S.S.G. § 7B1.2(b).

Section 7B1.3(a)(1) establishes  that "upon finding a Grade B violation, the court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision."  Were this Court to revoke the term of supervised release, §§ 7B1.3(b) and (C) do provide the criteria upon which sentence is to be imposed.  In such revocation proceedings, the applicable range of imprisonment will be that set forth in § 7B1.4; provided that the applicable criminal history category (CHC) to be utilized in determining the applicable guideline range will be the CHC "under which defendant was originally sentenced to a term of supervision."

The records in possession of the U.S. Probation Office reflect that releasee Ortiz, when originally sentenced, was placed within a CHC of "I."  Considering a CHC of "I" and the fact that he has incurred in a Grade B violation, were this Court to revoke the term of supervision, releasee will be subjected to a guideline imprisonment range of three (3) to nine (9) months (§ 7B1.4(a)).

**Based on the evidence presented, it is determined that there are grounds on which to have the supervised release term originally imposed on January 8, 2001, revoked.**

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 72(a) of the Local Rules of Court.  Any objections to the same must be specific and must be filed with the Clerk of Court **within ten (10) days** of its receipt.  Rule 72(d), Local Rules of Court; Fed. R. Civ. P. 72(b).  Failure to timely file specific objections to the Report and Recommendation is a waiver of the right to review by the District Court.  *United States v. Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986); *Park Motor Mart, Inc. v. Ford Motor Co*., 616 F.2d 603 (1st Cir. 1980).  The parties are advised that review of a Magistrate-Judge's Report and Recommendation by a District Judge does not necessarily confer entitlement as of right to a *de novo* hearing and does not permit consideration of issues not raised before the Magistrate-Judge.  *Paterson-Leitch v. Massachusetts Elec.*, 840 F.2d 985 (1st Cir. 1988).

**SO RECOMMENDED.**

At San Juan, Puerto Rico, this 14 day of March, 2006.

S/**AIDA M. DELGADO-COLON**
**U.S. Magistrate-Judge**